# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINA J. MIESS, as an individual and as the Natural Mother of CRISTEL MIESS, GRACY MIESS, and GABRIELLE MIESS, Deceased ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) ) | Case No.: 4:09CV1124 CDP |
| v. ) ) | |
| PORT CITY TRUCKING, INC., ALVIN LEWIS, MASTERFOODS USA, INC., and MARS, INC., ) ) ) ) ) | |
| Defendants, ) | |

## FIRST AMENDED COMPLAINT OF PLAINTIFF CHRISTINA MIESS

COMES NOW Plaintiff Christina Miess, in her individual capacity, and as the natural mother of Cristel Miess, Gracy Miess and Gabrielle Miess, deceased, and by and through her undersigned counsel, Aaron Sachs & Associates, P.C., and for her First Amended Complaint, states as follows:

### Statement of Jurisdiction

1. The Plaintiff Christina Miess is a citizen of Missouri.

2. Defendant Alvin Lewis is a citizen of Mississippi.

3. Defendant Port City Trucking, Inc. is a corporation incorporated under the laws of Mississippi with its principal place of business in Mississippi.

4. Defendant Mars, Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in the state of Delaware.

1

Exhibit A

5. On information and belief, Defendant Masterfoods USA, Inc. is a division of Defendant Mars, Inc.

David Forkner of Williams & Connolly, LLP, counsel for Mars, Inc., has agreed to accept service of process for Masterfoods USA, Inc.

6. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7. Plaintiff Christina Miess, as the biological mother of the three deceased children, is within the class of those entitled to bring and maintain a wrongful death action for the death of decedents pursuant to §537.080, RSMo.

### Count One

[Negligence of Defendants Lewis and Port City Trucking, Inc.]

1. That on or about March 20, 2008, Plaintiff Christina Miess and her natural daughters Cristel Miess, Gabrielle Miess and Gracy Miess, deceased, were all passengers in a 1989 Ford Tempo traveling northbound on US Highway 63 in Phelps County, Missouri.

2. That on or about March 20, 2008, as Plaintiff's 1989 Ford Tempo was traveling northbound on US Highway 63 in Phelps County, Missouri, it was stopped by a flagman due to road construction on US Highway 63.

3. That on or about March 20, 2008, Defendant Lewis was operating a 2003 Freightliner Conventional tractor-trailer truck, owned and/or controlled by Defendant Port City Trucking, Inc., and with the permission of Defendant Port City, traveling northbound on US Highway 63 in Phelps County, Missouri.

4. That after Plaintiff's 1989 Ford Tempo was lawfully stopped in the roadway for construction on US Highway 63, Defendant Lewis caused the truck he was operating to strike

2

Exhibit A

and crush portions of Plaintiff's vehicle.

5. That Defendant Lewis was required to exercise the highest duty of care in the operation of the truck and to comply with all applicable laws and regulations.

6. At the time of the collision, Defendant Lewis was negligent in one or more of the following respects:

    a. He operated the 2003 Freightliner Conventional tractor-trailer truck at a high and excessive rate of speed under the circumstances then and there existing;

    b. He operated the tractor-trailer truck at a speed which made it impossible to stop within the range of visibility;

    c. He failed to keep a careful lookout;

    d. He failed to follow the directions and/or instructions of the road construction signs and/or road construction flagman;

    e. He failed to stop, swerve, and/or slacken the speed of the tractor-trailer truck, or sound a warning after he knew or should have known that there was a reasonable likelihood of collision between his truck and the 1989 Ford Tempo in which Plaintiff and decedents were passengers;

    f. He failed to apply the brakes on the tractor-trailer truck in time to stop before colliding with Plaintiff's vehicle;

    g. He operated a tractor-trailer truck with defective brakes and he knew or should have known through the exercise of ordinary care that the brakes on his truck were defective;

    h. Defendant Lewis failed to inspect and maintain the tractor-trailer truck as required under the applicable State and Federal laws/regulations, including but

    not limited to the braking system and the air pressure system of this truck.

  7.  At the time of the collision, Defendant Lewis was negligent *per se* in violation of one or more of the following laws that were intended and designed to prevent the type of harm suffered by Plaintiff:

    a.  Failure to operate the vehicle in a careful and prudent manner in violation of §304.012, RSMo;

    b.  Failure to comply with the rules of the road in violation of §304.010, RSMo *et seq*;

    c.  Failure to use the highest degree of care when operating a motor vehicle in violation of §304.012, RSMo;

    d.  Any such other ordinances, statutes, regulations or laws that may be discovered during the discovery phase of this case, including but not limited to 49 C.F.R. §393 and §396.

  8.  At the time of this incident, Defendant Lewis was acting within the scope and course of his employment, or agency, or capacity as an employee, agent or servant and/or lessor with Defendant Port City Trucking, Inc., and as a result, Defendant Port City Trucking, Inc., is vicariously liable for the negligent conduct of Defendant Lewis.

  9.  Defendant Port City Trucking, Inc., is vicariously liable for the negligent conduct of its agent/servant/employee Defendant Lewis via *respondeat superior*.

  10.  In addition to vicarious liability for the conduct of its agent, servant or employee, Defendant Port City Trucking, Inc.,Trucking, Inc., was directly negligent in one or more of the following respects:

    a.  Investigating and Hiring Defendant Lewis when Port City Trucking, Inc.,

4

Exhibit A

knew or should have known through the exercise of ordinary care that Defendant Lewis had received one or more previous traffic violations and caused one or more previous traffic accidents;

b.     Retaining Defendant Lewis when Port City Trucking, Inc., knew or should have known through the exercise of ordinary care that Defendant Lewis received one or more traffic violations after he was employed with Defendant Port City Trucking, Inc.;

c.     Entrusting Defendant Lewis with the operation of motor vehicles on or around the time of the accident giving rise to this suit when Defendant Port City Trucking, Inc., knew or should have known through the exercise of ordinary care of his previous citations/accidents;

d.     Improperly training Defendant Lewis;

e.     Improperly supervising Defendant Lewis;

f.     Failing to have policies and procedures in effect to govern the conduct of its drivers to prevent negligent conduct such as that committed by Defendant Lewis giving rise to this case;

g.     Failing to ensure that its drivers, such as Defendant Lewis, complied with its policies and procedures to prevent negligent conduct such as that committed by Defendant Lewis giving rise to this case.

h.     Failing to properly maintain and inspect the braking system and air pressure system on the tractor-trailer truck operated by Defendant Lewis rendering it defective and/or inoperable at the time of the accident on or about March 20, 2008.

Exhibit A

11. That as a direct and proximate result of the negligence and carelessness of Defendants Lewis and Port City Trucking, Inc.:

    a. decedents were killed in the automobile accident of March 20, 2008, and Plaintiff Miess has suffered pecuniary loss and loss of companionship, comfort, society, instruction, guidance, support, love and affection, and

    b. Plaintiff suffered significant personal injury as detailed below.

**WHEREFORE,** Plaintiff prays for judgment against all Defendants for such damages as are fair and reasonable, for their costs herein incurred, and for such other relief to which the law may entitle her and to which to court deems just and proper.

## Count Two

[Negligence of Mars, Inc., and its Masterfoods USA division]

1. Plaintiff incorporates by reference each and every allegation contained in the Statement of Jurisdiction and Count One as though said paragraphs were set forth herein.

2. That the transportation of the products/supplies of Mars, Inc./Masterfoods USA via tractor-trailer trucks on roads and highways was an inherently dangerous activity because it involved substantial risk of physical harm to other motorists, such as Plaintiff, unless adequate precautions were taken, including but not limited to having these products/supplies transported by a skillful and competent motor carrier exercising the highest degree of care in the operation of its tractor-trailers such as the vehicle Defendant Lewis was operating on or about March 20, 2008.

3. That because the transportation of its products/supplies was an inherently dangerous activity, Defendant Mars, Inc./Masterfoods USA owed a duty to the motoring public, including Plaintiff and her deceased children, to select a skilled and competent motor carrier to

transport its products in a safe and reasonable manner by exercising reasonable care to take adequate precautions to avoid physical/bodily injury to the motoring public.

4. That Defendant Port City Trucking, Inc. was not a skilled and competent motor carrier because it engaged in the inherently dangerous activity of interstate transport using tractor-trailers such as the vehicle Defendant Lewis was operating on or about March 20, 2008, and failed to exercise reasonable care to take adequate precautions as set forth in Count One, above, and as will be discovered during this case, including but not limited to investigating, hiring, retaining, supervising and training its truck drivers, compliance with applicable safety regulations governing motor carriers and the inspection and maintenance of its truck fleet and equipment.

5. That Defendants Mars, Inc. and Masterfoods USA, knew or through the exercise of ordinary care should have known that the Defendant Port City Trucking, Inc. was not a skillful or competent motor carrier because it engaged in the inherently dangerous activity of interstate transport using tractor-trailers such as the vehicle Defendant Lewis was operating on or about March 20, 2008, without exercising reasonable care to take adequate precautions as set forth herein.

6. That Defendant Mars, Inc. and Masterfoods USA breached its duty to the motoring public by failing to exercise reasonable care in vetting, investigating, hiring and retaining Defendant Port City Trucking, Inc. to engage in the inherently dangerous activity of transporting its product in interstate commerce.

7. That as a direct and proximate result of the negligence of Defendant Mars, Inc. and Masterfoods USA in investigating, vetting, selecting, retaining, and hiring Defendant Port City Trucking, Inc.:

      a.      decedents were killed in the automobile accident of March 20, 2008, and Plaintiff Miess has suffered pecuniary loss and loss of companionship, comfort, society, instruction, guidance, support, love and affection, and

      b.      Plaintiff suffered significant personal injury as detailed below.

8.      That the truck operated by Defendant Lewis was under the exclusive custody, possession, and control of Defendants Port City Trucking, Inc., Masterfoods USA, Inc., and Mars, Inc.

9.      At all times relevant herein, Defendants Lewis, Port City Trucking, Inc., Masterfoods USA, Inc., and Mars, Inc. were acting in concert as a joint venture and therefore are jointly and severally liable for the negligent acts of each other.

10.      At all times relevant herein, Defendants Lewis, Port City Trucking, Inc., Masterfoods USA, Inc., and Mars, Inc., were acting as agents, servants and employees of one another and are therefore jointly and severally liable for the negligent acts of each other.

**WHEREFORE,** Plaintiff prays for judgment against all Defendants for such damages as are fair and reasonable, for their costs herein incurred, and for such other relief to which the law may entitle her and to which to court deems just and proper.

### Count Three

[Damages: Wrongful Death and Personal Injury]

**COMES NOW** Plaintiff and for her cause of action for Wrongful Death and Personal Injury against all Defendants states as follows:

1.      Plaintiff incorporates by reference each and every allegation contained in the Statement of Jurisdiction, Count One and Count Two, as though said paragraphs were set forth herein.

2.       As the direct and proximate result of the vicarious and direct negligence and negligence *per se* of all Defendants, stated above, decedents were killed in the automobile accident of March 20, 2008, and their Natural Mother, Plaintiff Miess, has suffered pecuniary loss and loss of companionship, comfort, society, instruction, guidance, support, love and affection.

3.       As the direct and proximate result of the vicarious and direct negligence and negligence *per se* of all Defendants, Plaintiff Christina Miess sustained personal injuries to her neck, head, back, left shoulder and arm, including a C5 fracture, closed head injury, severe post traumatic stress disorder, memory deficits, and headaches.

4.       As a result of said injuries, Plaintiff Christina Miess has been caused severe pain, suffering and anguish.

5.       As a result of said injuries, Plaintiff Christina Miess may be required to have continuing medical and rehabilitative services, the exact extent of which is not yet known.

6.       As a result of said injuries, Plaintiff Christina Miess has incurred, and in the future may incur, significant medical expenses the exact amount of which is not yet known.

7.       As a result of said injuries, Plaintiff Christina Miess's ability to work and earn a living has been disrupted and impaired.

**WHEREFORE,** Plaintiff prays for judgment against all Defendants for such damages as are fair and reasonable, for their costs herein incurred, and for such other relief to which the law may entitle her and to which to court deems just and proper.

## Count Four

[Aggravated Circumstances]

**COMES NOW** Plaintiff and for her cause of action for Aggravated Circumstances due to Wrongful Death and Personal Injury against all Defendants states as follows:

1. Plaintiff incorporates by reference each and every allegation contained in the Statement of Jurisdiction, Count One, Count Two and Count Three, as though said paragraphs were set forth herein.

2. That the conduct of all of the Defendants as described above, was wanton, grossly, willfully or recklessly performed and exhibited a complete indifference and conscious disregard for the safety of others so as to warrant the imposition of damages for aggravating circumstances pursuant to §537.090, RSMo.

**WHEREFORE,** Plaintiff prays for judgment against all Defendants for such damages as are fair and reasonable, for their costs herein incurred, and for such other relief to which the law may entitle her and to which to court deems just and proper.

AARON SACHS & ASSOCIATES, P.C.

By: __s/ Aaron Sachs_____
     Aaron Sachs
     Missouri Bar No:  33856
     Email: sachs@atlascomm.net

_s/  Joel A. Block_____
     Joel A. Block
     Missouri Bar No: 50909
     Email: jab@atlascomm.net

     3259 E. Ridgeview
     Springfield, MO 65804
     Telephone:  (417) 889-1400
     Fax:         (417) 889-5359

Exhibit A