UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MIESS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1124 CDP |
| ) | |
| PORT CITY TRUCKING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

In this wrongful death action, plaintiff Christina Miess has moved to disqualify attorneys J. Michael Riehn and Don Trotter from representing Mark Barton, an intervenor plaintiff in this case. Attorneys Riehn and Trotter formerly represented both Miess and Barton in this matter, but on September 3, 2009 I granted Miess's motion to disqualify them as her counsel. Miess now moves to disqualify Riehn and Trotter from representing Barton, arguing that this representation violates the Missouri Rules of Professional Conduct involving duties to former clients. Because I find that Riehn and Trotter formerly represented Miess in this matter, and that Barton's interests are materially adverse to those of Miess, I will disqualify Riehn and Trotter from representing Barton in this case.

This court applies the Rules of Professional Conduct of the Missouri Supreme Court to questions of professional conduct. *See* E.D. Mo. L.R. 12.02. Missouri Supreme Court Rule 4.1-9 governs conflicts of interest with former clients. Rule 4-1.9(a) reads:

> A lawyer who has *formerly represented* a client in a matter shall not thereafter represent another person in *the same* or a substantially related matter in which that person's interests are *materially adverse* to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Mo. Sup. Ct. Rule 4-1.9(a) (emphasis added). To establish a conflict of interest under Rule 4-1.9, Miess must prove (1) that Riehn and Trotter formerly represented her; (2) in the same or a substantially related matter; and (3) that Barton's interests are materially adverse to her own. Mo. Sup. Ct. Rule 4-1.9(a); *see also Polish Roman Catholic St. Stanislaus Parish v. Hettenbach*, 303 S.W.3d 591, 600-01 (Mo. Ct. App. 2010). Here, there is no dispute that Riehn and Trotter formerly represented Miess in this wrongful death case. Thus, the only remaining question is whether Barton's interests in this matter are materially adverse to those of Miess.

Both Miess and Barton are potential beneficiaries in this wrongful death action: Miess as the natural mother of the three deceased, and Barton as natural father of one of the deceased. Mo. Rev. Stat. § 537.080.1(1) (2010). Under Missouri's wrongful death statute, there can only be one recovery and one cause of

action for a wrongful death. However, the beneficiaries of a wrongful death action have separate interests during the apportionment phase. Under section 537.095, when any settlement or recovery is made by any plaintiff in a wrongful death action, the court must apportion the settlement or recovery "in proportion to the losses suffered by each person" entitled to recovery under the statute. Mo. Rev. Stat. § 537.095(2). During this phase of a wrongful death action, the parties, or their attorneys, would present to the court their arguments as to appropriate apportionment. It is logical, then, that the parties' interests will be adverse, as each party with a claim to the proceeds of any settlement or recovery is competing for a piece of the pie. Thus, the interests of Miess, in the apportionment phase, would be adverse to the interests of Barton, who will seek to obtain a maximum share of the proceeds through his claim as the father of one of the deceased. The more money Riehn and Trotter claim for their client during their zealous representation of his interests, the less Miess would receive. The interests of Barton, their current client in this matter, will be materially adverse to the interests of Miess, their former client in this matter, during the apportionment phase of any wrongful death recovery or settlement. The Rules of Professional Conduct of the Missouri Supreme Court instruct that Riehn and Trotter *shall not* represent Barton under these circumstances. I will disqualify attorneys Riehn and Trotter from representing Barton in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to disqualify [#54 and #55] are GRANTED.

**IT IS FURTHER ORDERED** that attorneys J. Michael Riehn and Don Trotter must, within ten days of this Order, withdraw as counsel in this matter, and must deliver all files relevant to Mark Barton's case to Mr. Barton, or to his new counsel in this matter, if new counsel has been retained by that time.

**IT IS FURTHER ORDERED** that if no new counsel have entered an appearance, attorneys Riehn and Trotter must provide the court with the address and telephone number of Mr. Barton, which will be entered on the docket, and Mr. Barton will be deemed to be representing himself. Attorneys Riehn and Trotter are obligated, of course, to inform Mr. Barton of his need to obtain new counsel and of the consequences of representing himself.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2010.