IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA J. MIESS, as an individual and as the Natural Mother of CM, GrM and GM, Deceased, WILLIAM SCHEIDER, RICHARD HUFFMAN, and MARK BARTON,<br><br>    Plaintiffs,<br><br>v.<br><br>PORT CITY TRUCKING, INC., ALVIN LEWIS, MASTERFOODS USA, INC., And MARS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:09CV1124 CDP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### J. MICHAEL RIEHN AND AL DON TROTTER'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF CHRISTINA MIESS' MOTION TO VACATE "LIENS" AND FORFEIT ATTORNEYS FEES OF ATTORNEYS RIEHN AND TROTTER

COMES NOW movants J. Michael Riehn ("Riehn") and Al Don Trotter ("Trotter"), by and through their undersigned counsel, and hereby submit their Memorandum of Law in Response to Plaintiff Christina Miess' Motion to Vacate "Liens" and Forfeit Attorneys Fees of Attorneys Riehn and Trotter.

### INTRODUCTION

Movants Riehn and Trotter hereby incorporate by reference the facts recited in Riehn's Affidavit, attached as Exhibit 1 and Trotter's Affidavit as Exhibit 2. Plaintiff Christina Miess ("Miess") recently filed her Motion to Vacate "Liens" and Forfeit Attorneys Fees of Attorneys Riehn and Trotter ("Motion"). This Court's July 7, 2011 Order allowed Riehn and Trotter to

1

further respond to said Motion. Riehn and Trotter argue Miess' Motion should be denied. Riehn and Trotter offer the following in support.

## ARGUMENT

### 1. Miess' Motion should be denied because the circumstances surrounding the discharge of Riehn and Trotter were not such that they destroyed the client-lawyer relationship necessitating a forfeiture of their attorney's fees.

Miess does not argue in her Motion that Riehn and Trotter did not properly assert an attorney's lien pursuant to R.S.Mo. § 484.130 and § 484.140. Nevertheless, Riehn and Trotter attach as Exhibits J and K to Riehn's Affidavit attached as Exhibit 1 documentation of said lien which were properly noticed upon Defendants pursuant to § 484.140.

Rather, Miess asserts that Riehn's and Trotter's simultaneous representation of two clients (plaintiffs Miess and Mark Barton) with materially adverse interests constituted a "concurrent conflict of interest." Miess further argues this conduct destroyed the attorney-client relationship. Accordingly, Miess believes Riehn and Trotter should forfeit any potential attorney's fees. However, there was no conflict between Miess and Barton during Riehn and Trotter's representation of them (Exhibit 1, paragraph 9, 40). Therefore, Riehn's and Trotter's lien should not be vacated and they should not be forced to forfeit any fees.

Complete forfeiture of attorney's fees is warranted only when an attorney's "clear and serious violation of a duty to a client is found to have destroyed the client-lawyer relationship and thereby the justification for the lawyer's claim to compensation." International Materials Corp. v. Sun Corp., Inc., 824 S.W.2d 890, 895 (Mo. banc 1992). Whether the breach in the attorney-client relationship involves knowing violation or disloyalty to a client is also a factor to be considered. Id. "Forfeiture is generally inappropriate when the lawyer has done nothing willfully blameworthy, for example, where a conflict of interest arises after the lawyer accepts

2

the client's case and the conflict could not have been discovered at the time the attorney accepted the case." Id.

Riehn and Trotter did not commit a "clear and serious violation of a duty to Miess that destroyed the client-lawyer relationship. Rather, when Riehn and Trotter undertook representation of Miess and Barton there was no conflict. (Exhibit 1, paragraph 9). Prior to Riehn and Trotter's discharge, Miess and Barton agreed on apportionment of any potential proceeds of the wrongful death case. (Exhibit 1, paragraph 9, 40). It was not until Riehn and Trotter were informed of Miess' intent to discharge them that they learned of any conflict between Miess and Barton with regard to apportionment. (Exhibit 1, paragraph 40).

Further, at the time of Riehn's and Trotter's discharge, the apportionment phase of the wrongful death case had not yet begun. There had been no settlement. At the time of the discharge, Miess' and Barton's interests were aligned with all the Plaintiffs in that they were trying to maximize the total recovery in the case. Using Miess' counsel's logic, no attorney could ever represent more than one claimant in a wrongful death action due to the "materially adverse interests" of the clients.

In addition, Miess cites no case law for her argument that the alleged conflict was a "clear and serious violation of a duty to Miess that destroyed the client-lawyer relationship." Miess only cites Taylor v. Perkins, 157 S.W. 122 (Mo.App. 1913) and Boggiano v. Thielecke, 326 S.W.2d 386 (Mo. App. 1959). However, neither case speaks to the issue of conflict of interest much less whether that conflict constitutes a clear and serious violation that destroyed the client-lawyer relationship.

Miess also alleges in her Motion that Riehn and Trotter committed other "violations" that "destroyed the attorney-client relationship." Those violations included pressuring her into an

3

agreement with the other Plaintiffs, failing to preserve the vehicle involved in the accident, failing to follow her instructions and failing to provide her with a copy of their fee agreement. Riehn and Trotter deny these allegations (Exhibits 1, 2). Further, Miess does not mention these allegations in her Memorandum of Law in Support of her Motion, let alone cite any case law that would stand for the proposition that these acts, even if true, would rise to a level necessitating the forfeiture of fees. Accordingly, Miess' Motion should be denied.

### 2. Miess' Motion should be denied because regardless of the existence of a valid fee agreement, Riehn and Trotter have a valid attorney's lien.

Next, Miess argues Riehn and Trotter are not entitled to an attorney's lien because they did not have a valid, written fee agreement with Miess as required by Missouri Rule of Professional Conduct 4-1(5). Specifically, Miess argues since Riehn is not mentioned on any of the "Contingency Fee Contracts" attached to Miess' Motion, he has no enforceable agreement or lien. Miess is incorrect.

Miess relies on Craig v. Jo B. Gardner, Inc., 586 S.W.2d 316 (Mo. banc 1979). In Craig, a railroad worker was injured on two separate occasions, 9 days apart. Id. at 319. The worker hired an attorney, Hill, to prosecute both claims. Id. The contract between the worker and Hill only referenced the first injury. Id. Hill filed a single lawsuit against Burlington Northern, Inc. that included both injuries. Id. After some time, the worker discharged Hill's firm and hired new counsel, Gardner. Id.

Eventually, the lawsuit was tried and a verdict was returned in favor of the worker, but only on the second injury. Id. Thus, a dispute arose as to whether Hill was entitled to a fee. Id. at 320. Gardner argued Hill had no written contract for the second injury, and since the jury only returned a verdict on that injury, Hill was not entitled to a fee. Id. at 324. The Supreme Court held Hill was entitled to a fee regardless of the lack of an express contract between the worker

4

and Hill. Id. at 325. The Court reasoned that "the worker was aware that Hill had filed a petition as to both accidents, and he acquiesced in its filing." Id. "A promise to pay the reasonable value of an attorney's services is implied where there is no express contract, if the services are accepted by the client or rendered at his request." Id. Craig, therefore, does not support Miess' argument.

Rather, according to Craig, Riehn *is* entitled to a fee. Miess knew Riehn was representing her. (Exhibit 1). Miess met with Riehn on multiple occasions. (Exhibit 1). She was aware that Riehn was negotiating a settlement on her behalf. (Exhibit 1). Miess was aware that Riehn had filed suit on her behalf. (Exhibit 1). Therefore, as in Craig, Riehn is entitled to a fee, and his lien is valid.

On the other hand, Trotter did have a written contingent fee agreement with Miess. (Document 105, Exhibit X). Miess argues this agreement was not valid because the agreement failed to spell out whether the expenses to be reimbursed were to be deducted before or after Trotter's fee. Miess further argues since the contract was not valid, Trotter has no attorney's lien. Again, Miess is incorrect.

In Roberds v. Sweitzer, 733 S.W.2d 444 (Mo.banc 1987). An attorney sought fees for legal services rendered in attacking a property settlement arising out of the dissolution of marriage. Id. at 445. The trial Court invalidated the attorney's lien and denied any recovery in quantum meruit. Id. The basis for the trial court's ruling was that the contract between the attorney and his client was void as against public policy because it was a contingent fee contract in a dissolution proceeding. Id. The Supreme Court reversed and remanded. Id. at 447. The Court held whether the contract allegedly was void as against public policy did not preclude

5

attorneys from acquiring an attorney's lien attaching to any award based on the value of services rendered. Id. at 447.

Likewise in the present case, even if this Court would find the contract between Trotter and Miess was not valid, he still has a valid attorney's lien. Trotter actively participated in the prosecution of Miess' claim. (Exhibit 2). Further, the Eng and Morrissey cases cited by Miess do not hold that the failure to specify whether expenses are to be deducted before or after the fee is deducted invalidates the contract between the client and the attorney. Both Eng and Morrissey involved fee sharing agreements between attorneys where the dispute was between the attorneys that had purportedly agreed to share fees. Eng v. Cummings, McClorey, Davis & Acho, PLC, 611 F.3d. 428 (C.A.8 (Mo.) 2010); Law Offices of Gary Green, P.C. v. Morrissey, 210 S.W.3d 421 (Mo. App. S.D. 2006). That is not the case here and, therefore, Eng and Morrissey are inapposite to this case. Accordingly Miess' Motion should be denied.

Finally, the Court should note the purpose of this Response is to respond to Miess' Motion, and show that Riehn and Trotter have a valid attorney's lien. Riehn and Trotter do not concede that they did not have a valid contract with Miess. Per the aforementioned case law, Riehn and Trotter have a valid lien and the validity of any express contracts between Miess, Riehn and Trotter has no impact on that fact.

Whether Riehn and/or Trotter had a valid contract with Miess only speaks to the issue of the amount of any attorney's lien. Riehn's and Trotter's position is argument as to the amount of any lien is premature at this time. Settlement in this matter has not been approved by this Court. There has been no decision as to apportionment of the proceeds of any settlement. Therefore, Miess' Motion should be denied and the extent of Riehn's and Trotter's lien should be decided after the apportionment phase of this lawsuit is concluded.

6

## CONCLUSION

Miess' Motion and corresponding Memorandum of Law in Support provide no basis for vacating Riehn's and Trotter's valid attorney's lien. Accordingly, said Motion should be denied.

WHEREFORE, for the aforementioned reasons, Riehn and Trotter respectfully request this Court make and enter its Order denying Miess' Motion and for such other and further relief as this Court deems appropriate and just in the circumstances.

MEYERKORD & MEYERKORD, LLC

By: /s/ Brian D. Kurth
    Brian D. Kurth,    #59651MO
    *bdk@meyerkordlaw.com*
    Attorneys for Riehn and Trotter
    1717 Park Avenue
    St. Louis, Missouri 63104
    (314) 436-9958
    (314) 446-4700 (Facsimile)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was electronically filed with the United States District Court, Eastern District on this 14th day of July, 2011, to be electronically served upon the following:

Laurel Stevenson
LATHROP & GAGE
1845 S. National
P.O. Box 4288
Springfield, MO 65808-4288
Phone: 417-877-5917
Fax: 417-886-9126
Attorneys for Defendants Port City
Trucking, Inc. and Alvin Lewis

Randy Scheer
HUSCH BLACKWELL SANDERS, LLP
901 St. Louis Street, Suite 1900
Springfield, MO 65806
Phone: 417-268-4000
Fax: 417-268-4040
Springfield, MO 65806
Attorneys for Defendant MARS, Inc.

Aaron Sachs
AARON SACHS & ASSOCIATES, P.C.
3259 E. Ridgeview
Springfield, Missouri 65804
Telephone: 417-889-1400
Facsimile: 417-889-5359
Attorneys for Plaintiff Christina Miess

David Forkner
WILLIAMS & CONNELLY, LLP
725 Twelfth Street, NW
Washington, DC 20005-9501
Phone: 202-434-5316
Fax: 202-434-5029
Attorneys for Defendant MARS, Inc.

Chandler Gregg
STRONG GARNER & BAUER
415 E. Chestnut Expressway
Springfield, MO 65802
Phone: 417-887-4300
Fax: 417-887-4385
Attorneys for Richard Huffman,
William Scheider and Mark Barton

/s/ Brian D. Kurth

BDK/s