**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA MIESS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV1124 CDP |
| | ) | |
| PORT CITY TRUCKING, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF LIMITED ALLOCATION TO**
**PLAINTIFFS SCHEIDER AND HUFFMAN**

COMES NOW Plaintiff Christina Miess, by and through her attorneys of record, Aaron

Sachs & Associates, P.C., and hereby requests the Court provide limited allocation of the

wrongful death settlement proceeds to Plaintiffs William Scheider and Richard Huffman in the

separate wrongful death settlements now before this Court for allocation between such Plaintiffs

and Plaintiff Miess. In support of her request, Plaintiff Miess states as follows:

**I.      Missouri Law on Wrongful Death Allocation**

While there are undoubtedly many cases where the proceeds of a wrongful death

settlement for the death of a minor child are appropriately allocated evenly between the parents,

Missouri courts do not require such result. "The cause of action for the wrongful death of an

unmarried minor child is indivisible; but when it becomes merged in a judgment, the interests of

the Mother and the Father then become separable." Haynes v. Bohon, 878 SW.2d 902, 904 (Mo.

App. 1994), citing State ex rel. Slibowskiv.Kimberlin, 504 S.W.2d 237, 241 (Mo. App. 1973).

"The apportionment of settlement proceeds in a wrongful death action is a matter within the

circuit court's discretion" and the court "is not required to award an equal portion of the

settlement proceeds to each person included in the class of persons, entitled to sue for wrongful

1

death." Kavanaugh v. Mid-Century Ins. Co., 937S.W.2d 243, 246(Mo. App.1996), citing

Haynes, 878 S.W.2d at 904-05 and Wright v. Cameron Mutual Insurance Co., 908 S.W.2d867,

869-70 (Mo. App. 1995).  In Parr v. Parr, the Missouri Supreme Court provided the following

statement of the law:

> There is no minimum amount that must be awarded to any party designated as a
> taker under section 537.095.4. The trial court is not bound by a set percentage or a
> minimum; rather, the trial court must exercise its discretion and, as instructed by
> the statute, distribute the proceeds "in proportion to the losses suffered by each as
> determined by the court."

Parr v. Parr, 16 S.W.3d 332, 337 (Mo. 2000) (citing Wright v. Cameron Mut. Ins. Co., 908

S.W.2d 867, 868–69 (Mo.App.1995)).

Section 537.090, RSMo, lists the factors to be considered in determining what is "fair and

just for the death and loss thus occasioned." The factors include "the pecuniary losses suffered

by reason of the death, funeral expenses, and the reasonable value of the services, consortium,

companionship, comfort, instruction, guidance, counsel, training, and support of which those on

whose behalf suit may be brought have been deprived by reason, of such death...." *See also*

Haynes, 878S.W.2d at 904; Wood v. Smith, ED96141, 2012 WL 540753 (Mo.App. 2012) (slip

opinion). In applying the factors of §537.090, RSMo, to determine damages, "the fact finder

considers losses with references to the particular persons on whose behalf the suit was brought

and the relationship of the deceased with those particular persons." Evans v. FirstFleet, Inc.,

345S.W.3d 297, 305 (Mo. App. 2011) (citing Call v. Heard, 925 S.W.2d 840, 851 (Mo. 1996)).

"In other words, an element of the total damages is based upon the relationship between the

deceased and each individual party to the action." Id.  However, grief and bereavement are not

compensable for wrongful death and should not be a factor considered by the Court.  Section

537.090, RSMo; Parr, at 337; *see* Sawdon v. Uniroyal Goodrich Tire Co., 100 F.3d 91, 93(8th

Cir. 1996) ("Missouri's wrongful death statute does not allow recovery of damages for grief and bereavement.").

Missouri law is replete with precedent supporting limited or no allocation to parents who maintain minimal contacts with children who later become the subject of wrongful death actions. In Wright v. Cameron Mutual Insurance Co., 908 S.W.2d 867 (Mo.App. 1995), the Missouri Court of Appeals upheld a trial court's award of $0.00 to the father of an adult daughter on the basis that the father had suffered no damages under Section 537.095.5, RSMo. The Wright court declined to hold that simply because a particular party is *eligible* to receive damages in a wrongful death action, that the person is therefore *entitled* to a portion of the recovery. Wright, 908 S.W.2d at 869 ("This court declines to hold, based on the plain language of § 537.095.3, that, as a matter of law, a trial court must award some part of the proceeds of a settlement in a wrongful death claim to each person identified in § 537.080, RSMo Supp.1993, for the sole reason that the person is included in the class of persons in whose names suit may be brought."); *see also* Parr, 16 S.W.3d at 338.

In Glasco v. Fire and Cas. Ins. Co., 709 S.W.2d 550 (Mo. App. 1986), Haynes v. Bohon 878 S.W.2d 902 (Mo.App. 1994), and Collins v. Hertenstein, 181 S.W.3d 204, 213 (Mo. App. 2005) the Missouri Court of Appeals upheld 90-10 wrongful death settlement allocation between custodial/involved parents and parents who maintained minimum contacts with their children. In Glasco, the father of a deceased child appealed the trial court's award of the 90-10 split, claiming he was entitled to a 50-50 split as the child's natural father. Id. at 554. The court held that "[t]he decision of the trial court was within the discretion granted by § 537.095.3, and the determination of losses made by the court was amply supported by the evidence." Id. (citing Farr v. Schoeneman, 702 S.W.2d 512, 515 (Mo.App.1985)). Further, the court stated "[t]he 90–10

3

split cannot be deemed an abuse of discretion since the evidence showed the father failed to support and maintained only minimum contacts with the child from 1972 until her death in 1984." Id.

In Haynes, the decision of the trial court to give the father 10% of the settlement was also held withinthe trial court's discretion. The evidence showed that the child had lived continuously with her mother throughout her life. The child's father was absent from the home for varying lengths of time and had been separated from the child's mother for two years prior to the child's death. The court also found that the father failed to support the child regularly and that he gave gifts to the child only sporadically, not based on her needs, but on the father's benevolence. Haynes, 878 S.W.2d at 904-5. Thus, the 90-10 split was upheld. Id.

Likewise, in Collins, a 90-10 split between an involved mother and a largely absentee father was upheld on appeal. According to the court, the evidence showed that the deceased child "filled his father's shoes in his mother's single parent household during most of his 13 years, and only spent a limited amount of time with his father during the transitory interludes when [the father] was not incarcerated." Collins, 181 S.W.3d at 213.  Further, the child's mother provided all necessary support for the child while the father only occasionally gave the child money or paid for limited support. Id. Thus, the court upheld the 90-10 apportionment in favor of the mother. Id.

In a very recent case decided by the Missouri Court of Appeals (Feb 21, 2012), Wood v. Smith, ED96141, 2012 WL 540753 (Mo. App. 2012) (slip opinion), the court upheld an allocation of 5% to each of a decedent's three adult children. On appeal, the children objected to the trial court's evaluation of their nonpecuniary losses, which by statute include companionship, comfort, instruction, guidance, and training. See Section 537.090, RSMo. The court noted that

4

such factors "are all indicative of the strength of the parent-child relationship which itself is appropriate for determining apportionment. Id. (citing Coggins v. Laclede Gas Co., 37 S.W.3d 335, 343 (Mo.App. 2000)). The trial court had specifically found the relationship between the decedent and the children was "transitory and one of limited contact or communication," and thus the Court of Appeals upheld the 5% allocation to each. Id.

## II.   Allocation to Plaintiff Scheider and Plaintiff Huffman

The evidence overwhelmingly establishes that Plaintiff Miess supported and cared for her daughters without meaningful participation by their fathers.  As shown above, under well-established Missouri law, there is no minimum allocation required for either Plaintiffs Scheider or Huffman. The evidence in this case supports limited allocation to both based on their minimal contacts with their children, general lack of support, no provision of instruction, guidance, counsel, or training, and overall failure to maintain any meaningful relationship with their children.

### a.   Plaintiff Scheider

Plaintiff Scheider had no meaningful relationship with his deceased daughter during her lifetime. His daughter was born on June 22, 2002, and Plaintiff Scheider denied paternity until his daughter was nearly four years old and the results of a paternity test administered in May 2006 confirmed his status as her father. Plaintiff Scheider did not directly provide for his daughter's support, and was significantly behind in child support payments for the care of his daughter. Indeed, as of the date of the allocation hearing, Plaintiff Scheider owes over $5,000.00 in back child support.

During her short lifetime, he attended only one of her birthdays in June 2007, and did not see her again before the fatal accident on March 20, 2008.  Plaintiff Scheider never attended

school functions, never took her to a doctor's appointment, and never performed the daily tasks required of a parent involved in his child's life. Overall, Plaintiff Scheider only saw his deceased daughter 10, 15, or 20 times total in her lifetime.

Accordingly, there is no evidence of any meaningful relationship, instruction, guidance, counsel, or training to the child. His contacts were minimal and sporadic; his support practically non-existent. Therefore, allocation for his loss due to the death of a child with which he had a limited relationship should likewise be limited by this Court.

####     b.     Plaintiff Huffman

Plaintiff Huffman also had a limited relationship with his daughter during her lifetime. He lived with her mother for only 1-2 months after his daughter's birth. After that initial 1-2 month period, his daughter never lived with him again, nor did she spend a single other night under his roof.

Further, Plaintiff Huffman was incarcerated during 1997-1998 and therefore had no relationship with his daughter during such period. He did not provide for his daughter's support, and as of the date of the allocation hearing Plaintiff Huffman owes over $12,000.00 in back child support. Plaintiff Huffman made no attempt to obtain any legal custody arrangement of his daughter, and his contact with her was minimal. Plaintiff Huffman did not provide any meaningful instruction, guidance, counsel, or training to his child. Allocation for his loss due to the death of his child with which he had no meaningful relationship should be limited by this Court.

WHEREFORE Plaintiff Christina Miess prays the court provide limited allocation of the wrongful death settlement proceeds to Plaintiff William Scheider and Plaintiff Richard Huffman

in the separate wrongful death allocations before this Court, and for other relief as is just and proper.

> Respectfully submitted,
>
> AARON SACHS & ASSOCIATES, P.C.
>
> By:     _s/  Joel A. Block_____
> Joel A. Block
> Missouri Bar No: 50909
> Email: joel@autoinjury.com
> 3271 E. Battlefield, Suite 350
> Springfield, MO 65804
> Telephone:  (417) 889-1400
> Fax:         (417) 889-5359
> **Attorneys for Plaintiff Miess**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of March 2012, the foregoing document was served upon counsel listed below by Notice of Electronic Filing via the CM/ECF system of the United States Federal Court for the Eastern District of Missouri.

Laurel Stevenson
LATHROP & GAGE
1845 S. National
P.O. Box 4288
Springfield, MO  65808-4288
Phone:  417-877-5917
Fax:  417-886-9126
**Attorneys for Defendants Port City Trucking, Inc. and Alvin Lewis**

David Forkner
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, NW
Washington, DC 20005-9501
Phone:  202-434-5316
Fax:  202-434-5029
**Attorneys for Defendant MARS, Inc.**

Randy Scheer
HUSCH BLACKWELL SANDERS, LLP
901 St. Louis Street, Suite 1900
Springfield, MO 65806
Phone:  417-268-4000
Fax:  417-268-4040
Springfield, MO  65806
**Attorneys for Defendant MARS, Inc**.

Chandler Gregg
STRONG GARNER & BAUER
415 E. Chestnut Expressway
Springfield, MO  65802
Phone:  417-887-4300
Fax:  417-887-4385
**Attorneys for Richard Huffman, William Scheider and Mark Barton**

> By:     _s/  Joel A. Block_____
>
> Joel A. Block