UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA MIESS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09 CV 1124 CDP |
| ) | REDACTED |
| PORT CITY TRUCKING, INC., et al., ) | |
| ) | |
| Defendant. ) | |

## FINAL JUDGMENT ALLOCATING PERSONAL INJURY AND WRONGFUL DEATH SETTLEMENT PROCEEDS

This matter comes before this Court for apportionment of settlement funds among the several plaintiffs in regard to personal injury and wrongful death claims. This case arises out of an accident in which a motor vehicle was hit by a tractor trailer, resulting in the deaths of three children. Plaintiff Christina Miess is the mother of the three deceased children, and Plaintiffs Mark Barton, William Scheider, and Richard Huffman are their fathers. Plaintiffs Miess and Barton also sustained personal injuries in the accident.

The parties settled this matter and this Court approved the total amounts to be payable by all defendants in a confidential settlement, with the apportionment among the plaintiffs to be determined by agreement, or by this Court after a hearing if no agreement was reached. See Sealed Order Approving Settlement dated July 22, 2011 [docket entry # 139]. The parties were unable to reach an agreement as to

the apportionment of the disputed funds, and so this Court held an evidentiary hearing to apportion the settlement and decide all remaining issues. Because the amounts paid in the settlement are confidential, this judgment is being filed under seal, but a redacted copy will be placed in the open court file.

The settlement agreement divided the total settlement amount of $     into four parts: $     to settle the combined personal injury claims of Plaintiffs Miess and Barton; $     to settle the wrongful death claim related to the death of G     (the daughter of Plaintiffs Miess and Barton); $     to settle the wrongful death claim related to the death of Gr    (the daughter of Plaintiffs Miess and Scheider); and $     to settle the wrongful death claim related to the death of C     (the daughter of Plaintiffs Miess and Huffman).

Several apportionment issues are not disputed and have previously been addressed in the settlement and in the July 22, 2011, Order Approving the Settlement. Plaintiff Miess and Plaintiff Barton reached an agreement that the settlement proceeds in the amount of $     for the wrongful death of their child G     would be divided between them equally, with each to be apportioned $     . However, Plaintiff Miess and Plaintiff Barton have not resolved the apportionment of $     of settlement funds set aside for their personal injury claims, and thus that issue is before the Court for determination.

2

Plaintiff Miess and Plaintiff Scheider agreed that Plaintiff Miess would be entitled to at least 50% of $      (equaling $     ), for the wrongful death claim of their daughter, Gr    . The remaining 50% of the wrongful death settlement is disputed, and this Court is called upon to allocate that remaining 50% (equaling $     ), between Plaintiff Miess and Plaintiff Scheider.  Plaintiff Miess and Plaintiff Huffman reached a similar agreement, with Plaintiff Miess being entitled to at least 50% of $      (equaling $     ) for the wrongful death claim of their daughter, C        , and with the Court being charged with allocating the remaining 50% (equaling $     ), between Plaintiff Miess and Plaintiff Huffman.

The parties have informed the Court that the undisputed payments have been made to Plaintiffs Miess and Barton, and their attorneys fees and expenses have been paid. This order incorporates those previously paid amounts.

I held a hearing and received oral and documentary evidence, and announced my conclusions and reasons for the respective distributions on March 27, 2012. I determined that of the disputed personal injury settlement funds, Christina Miess is entitled to 52% and Mark Barton is entitled to 48%. Of the total wrongful death settlement funds relating to the death of their daughter, Richard Huffman is entitled to 35% and Christina Miess is entitled to 65%. Of the total wrongful death

3

settlement funds relating to the death of their daughter, William Scheider is entitled to 15% and Christina Miess is entitled to 85%. I conclude that all settlement amounts and all attorneys fees and expenses set out below are reasonable.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiffs Miess and Huffman are the natural parents of C    Miess, deceased, and that they are the only persons entitled to sue or join in this action for the injuries and death of their minor child; that pursuant to § 537.095.3, R.S.Mo., the total settlement previously approved as reasonable by this Court for the wrongful death of C    is $    ; the parties have agreed that Plaintiff Miess shall have $    of that sum; and that of the remaining disputed $    of the settlement to be allocated the Court finds that Plaintiff Miess is entitled to $    and Plaintiff Huffman is entitled to $    as their respective damages. Plaintiff Miess's total damages resulting from the death of C    are thus $    (65%) and Plaintiff Huffman's total damages are $    (35%).

Plaintiff Huffman's attorneys, Strong-Garner-Bauer, P.C., are entitled to a reasonable attorney's fee of 33 1/3% of Plaintiff Huffman's settlement, and for reimbursement of reasonable expenses in the amount of $    . Strong-Garner-Bauer, P.C., are thus entitled to a reasonable attorneys' fee related to Huffman's share of the settlement funds in the amount of $    . This fee will be taken

4

from the gross recovery, before expenses are deducted. The net payable to Plaintiff Huffman is thus $        .

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs Miess and Scheider are the natural parents of Gr    Miess, deceased, and that they are the only persons entitled to sue or join in this action for the injuries and death of their minor child; that pursuant to § 537.095.3, R.S.Mo., the total settlement previously approved as reasonable by this Court for the wrongful death of Gr        is $       ; the parties have agreed that Plaintiff Miess shall have $       of that sum; and that of the remaining disputed $       of the settlement to be allocated by this Court between Plaintiff Miess and Plaintiff Scheider, the Court finds that, in consideration of the proportion of each party's loss, Plaintiff Miess is entitled to $       and Plaintiff Scheider is entitled to $       as their respective damages. Plaintiff Miess's total damages resulting from the death of Gr        are thus $       (85%) and Plaintiff Scheider's total damages are $       (15%).

Plaintiff Scheider's attorneys, Strong-Garner-Bauer, P.C., are entitled to a reasonable attorney's fee of 33 1/3%, but they have agreed to accept a lower fee of 23 1/3% of Plaintiff Scheider's settlement; they are entitled to reimbursement of reasonable expenses in the amount of $       . Plaintiff Scheider's portion of the

5

disputed funds is $     . Strong-Garner-Bauer, P.C., are thus entitled to a reasonable attorneys' fee related to Scheider's share of the disputed funds in the amount of $     . This fee will be taken from the gross recovery, before expenses are deducted. The net payable to Plaintiff Scheider is thus $     .

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs Miess and Barton are the natural parents of G     Miess, deceased, and that they are the only persons entitled to sue or join in this action for the injuries and death of their minor child; that pursuant to § 537.095.3, R.S.Mo., the total settlement previously approved as reasonable by this Court for the wrongful death of G     is $     ; and that of that amount each parent has agreed to take 50%, so that Plaintiff Barton is entitled to $     and Plaintiff Miess is entitled to $     as their respective damages related to G     's death.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that of the $     to be allocated by this Court between Plaintiff Miess and Plaintiff Barton for their respective personal injuries, the Court finds that Plaintiff Miess is entitled to $     (52%) and Plaintiff Barton is entitled to $     (48%) for their respective damages for personal injuries sustained in the March 20, 2008 accident.

Plaintiff Barton's attorneys, Strong-Garner-Bauer, P.C., are entitled to a reasonable attorney's fee of 33 1/3% of Plaintiff Barton's settlement of both the wrongful death and personal injury claims. This fee will be taken from the gross recovery, before expenses are deducted. Plaintiff Barton's attorneys are also entitled to reimbursement of reasonable expenses of the wrongful death claim in the amount of $      and reasonable expenses of the personal injury claim in the amount of $        . Plaintiff Barton's portion of the disputed personal injury funds is $       , and his portion of the undisputed wrongful death funds is $       . Strong-Garner-Bauer, P.C., are thus entitled to a reasonable attorneys' fee related to Barton's share of the undisputed wrongful death settlement funds in the amount of $       and a reasonable attorney fee related to Barton's share of the disputed personal injury funds in the amount of $      , for a total fee of $       . Barton's net amount of the undisputed wrongful death settlement funds is $       and his net amount of the disputed personal injury settlement funds is $       , for a total net recovery from this case of $       .

Plaintiff's Miess's total aggreggate settlement from all claims is $        , consisting of $       from the undisputed funds as approved in July of 2011, and $       from the disputed funds as allocated in March of 2012.

7

For the reasons set out in the Order dated February 8, 2012 [docket entry # 174], Plaintiff Christina Miess's former attorneys Don Trotter and J. Michael Riehn are entitled to 8% of her recovery after the deduction of expenses incurred by attorneys Aaron Sachs & Associates, P.C., and are not entitled to reimbursement for expenses. Attorneys Trotter and Riehn were previously paid a fee of $           from Miess's allocation of the undisputed funds; they are further entitled to a reasonable attorney's fee from Miess's allocation of the disputed funds in the amount of $           . Attorneys Trotter and Riehn's aggregate attorneys fee is thus $           .

Plaintiff Miess' current attorneys, Aaron Sachs & Associates, P.C. are entitled to a reasonable attorney's fee of 35% of Plaintiff Miess' settlement, less the amounts payable to Miess's former attorneys as set out above. Aaron Sachs & Associates, P.C. are additionally entitled to reimbursement of reasonable expenses previously approved in the amount of $           and to additional expenses now approved in the amount of $           . Aaron Sachs & Associates P.C. is thus entitled to a fee from the undisputed wrongful death settlement funds of $           and a fee from Miess's allocation of the disputed wrongful death and personal injury settlement funds in the amount of $           , for a total attorneys fee of $           .

The net payable to Plaintiff Miess from the disputed funds is thus $          ; her net recovery from the undisputed funds was $          ; thus her net recovery from the total settlement after all attorneys fees and expenses, including amounts she has already received, is $          .

**IT IS FURTHER ORDERED** that Plaintiff Huffman is ordered to pay Meiss' counsel's fee for bringing Motion to Enforce Settlement, per this Court's February 8, 2012 Order [docket entry #174]. The parties have agreed to $          as satisfaction of this Order for which execution may issue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiffs' counsel will individually collect and receipt for the payment of their respective portions of this Judgment, deduct and pay the expenses and fees as set out above, acknowledge satisfaction of the Judgment to the Court, distribute their respective proceeds according to this Judgment, and upon making payments as required by this Judgment, account to the Court by filing written receipts.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2012.

9